JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Peter J. Vitagliano and
Peter Vitagliano

**DEFENDANTS**

State Farm Mutual Automobile Insurance Company

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES) PA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Bloomington, IL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Allen L. Feingold, Esquire
The Windsor – Penthouse
1700 Benjamin Franklin Parkway
Philadelphia, PA 19103

ATTORNEYS (IF KNOWN)

Joseph M. Hankins, Esquire
Britt, Hankins, Schaible & Moughan
Two Penn Center, Suite 515
Philadelphia, PA 19102

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

breach of contract, bad faith

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Other | | | |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ excess of $50,000

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE
5/16/02

SIGNATURE OF ATTORNEY OF RECORD

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Peter J. Vitagliano, 2250 S. Buckner Street, Philadelphia, PA 19145

Address of Plaintiff: Peter Vitgaliano, 224 Greenwich Street, Philadelphia, PA 19147

Address of Defendant: One State Farm Plaza, Bloomington, ILL 61710-0001

Place of Accident, Incident or Transaction:   Philadelphia, PA.

*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?                          Yes☐   No☒

*RELATED CASE, IF ANY:*

Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
                                                                    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
                                                                    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
                                                                    Yes☐   No☒

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☒ All other Diversity Cases   *INSURER*
    (Please specify)   *BAD FAITH*

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I,   Joseph M. Hankins, Esquire   , counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5/16/02 _____ *[signature]* _____    .20052

Attorney-at-Law                                    Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

r-1-1/02                                        Signature: *[signature]*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Peter J. Vitagliano          :          CIVIL ACTION
     and                     :
Peter J. Vitagliano         :
              v.             :
                             :
                             :          NO.
State Farm Mutual Automobile Insurance
Company

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)   Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.                                      ( )

(b)   Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c)   Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.            (X)

(d)   Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.                                              ( )

(e)   Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                             ( )

(f)   Standard Management -- Cases that do not fall into any one of the other tracks.                            ( )

_5/16/02_                                    Joseph M. Hankins, Esquire
Date                                          **Attorney-at-law**

                                              State Farm Mutual Automobile Ins. Co.'
                                              **Attorney for**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER J. VITAGLIANO and | : | |
| PETER VITAGLIANO | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM MUTUAL | : | NO. |
| AUTOMOBILE INSURANCE CO. | : | |
| Defendant | : | |

## **NOTICE OF REMOVAL**

**TO:    THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA:**

State Farm Mutual Automobile Insurance Co. ("State Farm"), Defendant in the

above-captioned matter, hereby files a Notice of Removal of this case from the Court of

Common Pleas of Philadelphia County, Pennsylvania, in which it is now pending, to the

United States District Court for the Eastern District of Pennsylvania.  This Notice is filed

pursuant to 28 U.S.C.A. §1441, et seq., and in support thereof, Defendant states the

following:

1.    This action was commenced in the Court of Common Pleas of Philadelphia

County, Pennsylvania, on December 17, 2001.  This action is docketed in the State Court

at December Term 2001, No. 2297.  A copy of the initial State Court Complaint is

attached hereto as Exhibit "A" and a copy of the Amended Complaint which was filed but

1

which is subject to Defendant's Motion for Non Pros is attached hereto as Exhibit "B".

2.    Plaintiffs, Peter J. Vitagliano and Peter Vitagliano, are citizens of the Commonwealth of Pennsylvania.  See Exhibits "A" at ¶¶1-2 and "B" at ¶¶1-2.

3.    Defendant, State Farm, is a corporation incorporated under the laws of Illinois with its principal place of business located in Bloomington, Illinois.  State Farm is a citizen of Illinois.

4.    The above captioned matter was not originally removable because Plaintiffs' counsel stipulated that, at the time the Complaint was filed, the damages were not in excess of $75,000.  A true and correct copy of said Stipulation is attached hereto as Exhibit "C".

5.    Despite the Stipulation signed by counsel for Plaintiffs, the Plaintiffs now contend that the amount in controversy exceeds $75,000, exclusive of interest and costs. This Notice of Removal is being filed within thirty (30) days of Plaintiffs' counsel filing and serving a Case Management Conference Memorandum (April 19, 2002), which represents that Plaintiffs' damages are approximately $135,000.  A true and correct copy of said Memorandum is attached hereto as Exhibit "D."

6.    The Notice of Removal is being filed within one (1) year of the commencement of suit (December 17, 2001).

7.    Defense counsel wrote to Plaintiffs' counsel to confirm the representation that the case exceeds the jurisdictional limit.  A true and correct copy of the

2

correspondence of May 3, 2002 is attached hereto as Exhibit "E." Plaintiffs' counsel

responded in his correspondence of May 7, 2002 that the amount in controversy had

increased since the filing of the original Complaint and refused to amend his Case

Management Conference Memorandum. A true and correct copy of said correspondence

is attached hereto as Exhibit "F".

      8.     Copies of all the process, pleadings and Orders served upon or otherwise

received by Petitioner are attached as Exhibits "A" (the Complaint), "B" (the Amended

Complaint, which is still subject to Defendant's Motion for Non Pros attached as Exhibit

" G") and "G". Exhibit "G" includes the docket entries, Defense counsel's Entry of

Appearance, the Preliminary Objections to the Complaint, the Answer to the Preliminary

Objections to the Complaint, the Court's Order of March 8, 2002 granting Defendant's

Motion to Strike Objections to Requests for Admissions, the Court's March 20, 2002

Scheduling Order, the Court's Order of March 28, 2002 sustaining Defendant's

Preliminary Objections, Defendant's Motion for Non Pros, the Court's Order of May 1,

2002 deeming Defendant's Motion to Strike Jury Demand moot due to the Court's March

28, 2002 Order and Stipulated Discovery Order.

      9.     The instant lawsuit is removable from State Court to the United States

District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1332(a) (1),

§1441 (a) and § 1446(b).

      10.    Pursuant to 28 U.S.C.A. § 1332, a cause of action may be removed to

Federal Court when there is diversity of citizenship between the parties and the amount in

controversy exceeds $75,000.

11.    28 U.S.C.A. § 1446 requires that the notice of removal be filed within thirty

(30) days after the receipt by the defendant of the initial pleading or,

> If the case stated by the initial pleading is not removable,
> a notice of removal may be filed within thirty days after
> receipt by defendant, through service or otherwise, of a
> copy of an amended pleading, motion, order or **other paper**
> from which it may first be ascertained that the case is one
> which is or has become removable...(emphasis added).

12.    28 U.S.C. A. § 1446(b) does not define "other paper".  Further, the Third

Circuit has yet to address what constitutes "other paper".  The statute, however, is clear

that the time for removal begins to run when the defendant receives the requisite written

notice of facts which make the case removable.  Broderick v. Dellasandro, 859 F. Supp.

176, 178 (E.D. Pa. 1994).

13.    The statutory requirement of a writing reduces disputes over knowledge of

diversity or the amount in controversy and helps avoid later battles of credibility between

opposing parties and lawyers.  Id.

14.    In sum, the purpose of the statute "is to commence the running of the thirty

day period once the defendant receives actual notice that the case has become removable,

**which may be communicated in a formal or informal manner**." Broderick, 859 F.

Supp. at 178, citing 14A Wright, Miller & Cooper, Federal Practice and Procedure, §

3732, at 520 (emphasis added).

15.    Courts in the Third Circuit have held that correspondence between

4

attorneys, discovery documents, and a plaintiff's written statement to the court, for the

purposes of taking the case out of arbitration, that the amount in controversy is over

$100,000 constitute "other paper" upon which removal can be based. Broderick, 859 F.

Supp. at 180; Hessler v. Armstrong World Industries, Inc., 684 F. Supp. 393, 395 (D.

Delaware, 1988); Cabibbo v. Einstein/Noah Bagel Partners, L.P., 181 F. Supp. 2d 428,

433 (2002); Textile Chemical Co. v. Aetna Casualty and Surety, 1997 WL 537408, *2

(E.D. Pa. 1997).

16.    In this case, diversity exists because Plaintiffs are and have, at all relevant

times, been citizens of the Commonwealth of Pennsylvania.  Further, State Farm is and

has, at all relevant times, been a corporation existing under the laws of the State of Illinois

with its principal place of business located in Bloomington, Illinois.

17.    Further, the amount in controversy exceeds $75,000, exclusive of interest

and costs, as is evidenced by Plaintiffs' Case Management Conference Memorandum,

which was filed with the Court, in which they represented to the Court and to opposing

counsel the following:

> 5. State the amount of damages claimed by Plaintiff:
> (a) Direct ___ Approximately $10,000 ___
> (b) Consequential _$25,000_____
> (c) Other _____ $100,000_____

See Exhibit "D" at p. 2.

18.    Therefore, Plaintiffs are claiming $135,000 in damages which clearly

exceeds the $75,000 jurisdictional requirement.

19.    Further, counsel for the Defendant notified Plaintiffs' counsel of this representation and informed him that he would be removing the case to Federal Court unless Plaintiffs' counsel amended this representation.  See Exhibit "E".

20.    In response to this correspondence, Plaintiffs' counsel informed Defense counsel that the damages have indeed increased beyond $75,000.  See Exhibit "F".

21.    These documents clearly indicate that the amount in controversy is in excess of $75,000.

22.    Further, similar to the statement filed in Textile Chemical, the Case Management Conference Memorandum constitutes "other paper" upon which a removal can be based.

23.    Pursuant to Foster v. Mutual Fire, Marine and Inland Ins. Co., 986 F.2d 48 (3d Cir. 1993), this document may even be considered a pleading for removal purposes because it is in writing and was filed with the Court.

24.    Defendant has filed this Notice of Removal within thirty (30) days of the filing of Plaintiffs' Case Management Conference Memorandum on April 19, 2002 and within one (1) year of the commencement of the suit.

25.    Under these circumstances, this Court has original jurisdiction over the instant controversy and Defendant respectfully requests that the state court action be removed to the federal forum.

WHEREFORE, Defendant respectfully requests that this action be removed from

the Court of Common of Pleas of Philadelphia County, Pennsylvania, to the United States

District Court for the Eastern District of Pennsylvania.

BRITT, HANKINS, SCHAIBLE & MOUGHAN

BY:_____
Joseph M. Hankins, Esquire
Attorney I.D. No. 20052
Elizabeth Luening Long, Esquire
Attorney I.D. No. 84845
BRITT, HANKINS, SCHAIBLE & MOUGHAN
Two Penn Center Plaza, Suite 515
Philadelphia, PA 19102
215-569-6900
Attorneys for Defendants

Date: _5/17/62_

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PETER J. VITAGLIANO and :
PETER VITAGLIANO :
       Plaintiffs :    CIVIL ACTION
  :
   v. :
  :
STATE FARM MUTUAL :    NO.
AUTOMOBILE INSURANCE CO. :
      Defendant :

## MEMORANDUM OF LAW

**I.   FACTS**

This action was commenced in the Court of Common Pleas of Philadelphia County, Pennsylvania, on December 17, 2001. This action is docketed in the State Court at December Term 2001, No. 2297. A copy of the initial State Court Complaint is attached hereto as Exhibit "A" and a copy of the Amended Complaint (which is subject to a Motion for Non Pros) is attached hereto as Exhibit "B". Plaintiffs, Peter J. Vitagliano and Peter Vitagliano, are citizens of the Commonwealth of Pennsylvania. See Exhibits "A" at ¶¶1-2 and "B" at ¶¶1-2. Defendant, State Farm, is a corporation incorporated under the laws of Illinois with its principal place of business located in Bloomington, Illinois. State Farm is a citizen of Illinois.

The above captioned matter was not originally removable because Plaintiffs' counsel stipulated that, at the time the Complaint was filed, the damages were not in excess of $75,000. A true and correct copy of said Stipulation is attached hereto as Exhibit "C".

1

Presently, however, the amount in controversy has exceeded $75,000, exclusive of interest and costs.   Plaintiffs' counsel filed and served a Case Management Conference Memorandum on April 19, 2002, which represents that Plaintiffs' damages are approximately $135,000. A true and correct copy of said Memorandum is attached hereto as Exhibit "D".

Defense counsel wrote to Plaintiffs' counsel to confirm this representation. A true and correct copy of the correspondence of May 3, 2002 is attached hereto as Exhibit "E." Plaintiffs' counsel responded in his correspondence of May 7, 2002 that the amount in controversy had increased since the filing of the original Complaint and refused to amend his Case Management Conference Memorandum.   A true and correct copy of said correspondence is attached hereto as Exhibit "F".

Copies of all the process, pleadings and Orders served upon or otherwise received by Petitioner are attached as Exhibit "G ".

The instant lawsuit is removable from State Court to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1332(a) (1), §1441 (a) and § 1446(b).

## II.   **LEGAL ARGUMENT**

Title 28, U.S.C. § 1441 provides, in part, that,

> (a)     Any civil action brought in the State Court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the District Court of the United States for the district and the division embracing the place where such action is pending.

2

Pursuant to 28 U.S.C.A. § 1332, a cause of action may be removed to Federal Court when there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C.A. § 1446 requires that the notice of removal be filed within thirty (30) days after the receipt by the defendant of the initial pleading or,

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable...(emphasis added).

28 U.S.C.A. § 1446(b) does not define "other paper". Further, the Third Circuit has yet to address what constitutes "other paper". The statute, however, is clear that the time for removal begins to run when the defendant receives the requisite written notice of facts which make the case removable. Broderick v. Dellasandro, 859 F. Supp. 176, 178 (E.D. Pa. 1994). The statutory requirement of a writing reduces disputes over knowledge of diversity or the amount in controversy and helps avoid later battles of credibility between opposing parties and lawyers. Id. Although notice must be in writing, the statute does not require "service" of that notice in some formal, legal sense. Id. Notification may be "through service or otherwise". 28 U.S.C.A. § 1446(b). In sum, the purpose of the statute "is to commence the running of the thirty day period once the defendant receives actual notice that the case has become removable, **which may be communicated in a formal or informal manner**." Broderick, 859 F. Supp. at 178, citing 14A Wright, Miller & Cooper, Federal Practice and Procedure, § 3732, at 520 (emphasis added).

3

Several Courts in the Third Circuit have held that correspondence between attorneys constitutes "other paper" upon which removal can be based. Broderick, 859 F. Supp. at 180; Hessler v. Armstrong World Industries, Inc., 684 F. Supp. 393, 395 (D. Delaware, 1988). Further, discovery documents, such as answers to interrogatories, have been held to constitute "other paper" for purposes of removal. Cabibbo v. Einstein/Noah Bagel Partners, L.P., 181 F. Supp. 2d 428, 433 (2002). Additionally, a plaintiff's written statement to the court, for the purposes of taking the case out of arbitration, that the amount in controversy is over $100,000 is sufficient to put the defendant on notice of the amount in controversy requirement. Textile Chemical Co. v. Aetna Casualty and Surety, 1997 WL 537408, *2 (E.D. Pa. 1997).

In this case, Plaintiffs filed an action against Defendant in the Philadelphia County Court of Common Pleas, Commonwealth of Pennsylvania. Plaintiffs are and have, at all relevant times, been citizens of the Commonwealth of Pennsylvania. State Farm is and has, at all relevant times, been a corporation existing under the laws of the State of Illinois with its principal place of business located in Bloomington, Illinois. Thus, diversity of citizenship justifying removal exists.

Further, the amount in controversy exceeds $75,000, exclusive of interest and costs. On April 19, 2002, the parties attended the Case Management Conference in the above captioned matter which was held before a Civil Case Manager, who acted on behalf of the Honorable Nitza Quinones Alejandro. See Exhibit "G", Scheduling Order at ¶ 3. Pursuant to the Scheduling Order, counsel for both parties submitted to the Court and to each other

their Case Management Conference Memoranda at the Conference.  <u>See</u> Exhibit "G",

Scheduling Order at ¶ 6.  In Plaintiffs' Case Management Conference Memorandum, they

represented to the Court and to opposing counsel the following:

> 5.  State the amount of damages claimed by Plaintiff:
> (a) Direct ___ Approximately $10,000 ___
> (b) Consequential _ $25,000 _____
> (c) Other _____ $100,000 _____

<u>See</u> Exhibit "D" at p. 2.  Therefore, Plaintiffs are claiming $135,000 in damages which

clearly exceeds the $75,000 jurisdictional requirement.  Further, counsel for the Defendant

notified Plaintiffs' counsel of this representation and informed him that he would be

removing the case to Federal Court unless Plaintiffs' counsel amended this representation.

<u>See</u> Exhibit "E".  In response to this correspondence, Plaintiffs' counsel informed Defense

counsel that the damages have indeed increased beyond $75,000.  <u>See</u> Exhibit "F".

This removal is being filed within one (1) year of the commencement of the suit

(December 17, 2001).

These documents clearly indicate that the amount in controversy is in excess of

$75,000.  Further, similar to the statement filed in <u>Textile Chemical</u>, the Case Management

Conference Memorandum constitutes "other paper" upon which a removal can be based.

The Case Management Conference Memorandum is not only in writing but it is a document

filed with the Court.  Pursuant to <u>Foster v. Mutual Fire, Marine and Inland Ins. Co.</u>, 986 F.2d

48 (3d Cir. 1993), this document may even be considered a pleading for removal purposes

because it is in writing and was filed with the Court.  Further, counsels' correspondence of

May 3, 2002 and May 7, 2002, confirms that the representation in the Memorandum is indeed correct. <u>See</u> Exhibits "E" and "F". Defendant has filed this Notice of Removal within thirty (30) days of the filing of Plaintiffs' Case Management Conference Memorandum on April 19, 2002. Under these circumstances, this Court has original jurisdiction over the instant controversy and Defendant respectfully requests that the state court action be removed to the federal forum.

## III.   <u>CONCLUSION</u>

For the above stated reasons, Defendant, State Farm, respectfully requests that this Honorable Court remove this action to the federal forum.

**BRITT, HANKINS, SCHAIBLE & MOUGHAN**

BY: _____
Joseph M. Hankins, Esquire
Attorney I.D. No. 20052
Elizabeth Luening Long, Esquire
Attorney I.D. No. 84845
BRITT, HANKINS, SCHAIBLE & MOUGHAN
Two Penn Center Plaza, Suite 515
Philadelphia, PA 19102
215-569-6900
Attorneys for Defendants

Dated: 5/17/02

6

# EXHIBITS NOT SCANNED

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Defendant's Notice of Removal

was forwarded this day to the below listed counsel by First Class Regular U.S. Mail:

> Allen L. Feingold, Esquire
> The Windsor - Penthouse
> 1700 Benjamin Franklin Parkway
> Philadelphia, PA 19103

Joseph M. Hankins, Esquire

Dated: 5/7/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER J. VITAGLIANO and | : | |
| PETER VITAGLIANO | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM MUTUAL | : | NO. 02-CV-2954 |
| AUTOMOBILE INSURANCE CO. | : | |
| Defendant | : | |

FILED MAY 2 3 2002

**NOTICE OF AFFIDAVIT OF FILING**
**CERTIFIED COPY OF NOTICE OF REMOVAL**

TO THE CLERK OF COURT:

Please take notice of the attached Affidavit of Filing of the Certified copy of the

Notice of Removal of Defendant State Farm Mutual Automobile Insurance Co. pursuant

to 28 U.S.C. § 1441, et seq., with the Court of Common Pleas of Philadelphia County.

BRITT, HANKINS, SCHAIBLE & MOUGHAN

BY: _Elizabeth Luening Long_

Joseph M. Hankins
Elizabeth Luening Long
Attorneys for Defendant

Dated: 5/23/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER J. VITAGLIANO and | : | |
| PETER VITAGLIANO | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM MUTUAL | : | NO. |
| AUTOMOBILE INSURANCE CO. | : | |
| Defendant | : | |
| | : | |

## **A F F I D A V I T**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | SS |
| COUNTY OF PHILADELPHIA | : | |

I, Elizabeth Luening Long, Associate of Britt, Hankins, Schaible & Moughan,

being sworn according to law, deposes and says that she filed a certified copy of

Defendant's Notice of Removal of the foregoing action to Federal Court, including the

Exhibit attached, with the Court of Common Pleas of Philadelphia County, Pennsylvania

on May 17, 2002.

*Elizabeth Luening Long*

Sworn to and Subscribed

before me this 23rd day

of MAY , 2002.

*Anastasia Faracchio* NOTARY PUBLIC

NOTARIAL SEAL
ANASTASIA FARACCHIO, Notary Public
City of Philadelphia, Phila. County
My Commission Expires July 18, 2005

**BRITT, HANKINS, SCHAIBLE & MOUGHAN**
**BY:** Joseph M. Hankins, Esquire
Attorney I.D. No. 20052
Elizabeth Luening Long, Esquire
Attorney I.D. No. 84845
Suite 515, Two Penn Center Plaza
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102-1888
(215) 569-6904

RECEIVED
02 MAY 17 PM 3: 44
PRO PROTHY

Attorney for Defendant,
State Farm Mutual Automobile
Insurance Company

| | |
|---|---|
| PETER J. VITAGLIANO and <br> PETER VITAGLIANO <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE <br> INSURANCE COMPANY | :    COURT OF COMMON PLEAS <br> :    PHILADELPHIA COUNTY <br> : <br> : <br> :    DECEMBER TERM 2001 <br> :    NO.  2297 <br> : |

TO THE PROTHONOTARY:

Pursuant to 28 U.S.C. § 1446 (e), Defendant State Farm Mutual Automobile

Insurance Company hereby files the attached certified copy of the Notice of Removal

filed with the Clerk of Court of the Eastern District of Pennsylvania on the 17th day of

May 2002.

BRITT, HANKINS, SCHAIBLE & MOUGHAN

BY: _____
Joseph M. Hankins Esquire
Attorneys for Defendant,
State Farm Mutual Automobile Insurance
Company

Dated: ___5/22/02___

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Notice of Removal has been served,

this day, by regular mail as follows:

> Allen L. Feingold, Esquire
> The Windsor - Penthouse
> 1700 Benjamin Franklin Parkway
> Philadelphia, PA 19103

Joseph M. Hankins, Esquire

Dated: _____5/17/02_____

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Notice of Affidavit of Filing Certified Copy

of Notice of Removal has been served, this day, by regular mail as follows:

> Allen L. Feingold, Esquire
> The Windsor - Penthouse
> 1700 Benjamin Franklin Parkway
> Philadelphia, PA 19103

Elizabeth Luening Long, Esquire

Dated: 5/23/02