IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER J. VITAGLIANO and | : | |
| PETER VITAGLIANO | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM MUTUAL | : | NO. 02-CV-2954 |
| AUTOMOBILE INSURANCE CO. | : | |
| Defendant | : | |

## ORDER

AND NOW, this _____ day of _____, 2002, upon consideration of Defendant, State Farm Mutual Automobile Insurance Company's, Motion to Dismiss Plaintiffs' Amended Complaint and any Response thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED and Plaintiffs' Amended Complaint is dismissed with prejudice.

BY THE COURT:

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PETER J. VITAGLIANO and        :
PETER VITAGLIANO           :
        Plaintiffs         :     CIVIL ACTION
                        :
    v.                   :
                        :
STATE FARM MUTUAL        :     NO. 02-CV-2954
AUTOMOBILE INSURANCE CO.  :
        Defendant       :
                        :

## __ALTERNATIVE ORDER__

AND NOW, this _____ day of _____, 2002, upon consideration of State Farm's Motion to Strike Pursuant to F. R. Civ. P. 12(f) and Motion for a More Definite Statement Pursuant to F. R. Civ. P. 12(e) and any Response thereto, it is hereby ORDERED and DECREED that said Motions are GRANTED. It is Ordered that all claims for property damage and work loss are dismissed with prejudice since there was no coverage for same under the Vitagliano policy. It is further ORDERED: (a) that Paragraphs 29, 31, 81, 88, 89, 90, 92, 93, 95, 97, 98, 99 and 100 are stricken for containing scandalous, impertinent, irrelevant and/or immaterial information; (b) that all averments of claims of persons other than Plaintiffs and all averments of actions taken by Defendant in defending itself in this case are stricken; and (c) that Plaintiffs may file a Second Amended Complaint within ten (10) days of the date of this order, specifically pleading all averments of time and special

damages which should include, the dates and content of each alleged misrepresentation, fraud and breach of insurance contract.  Plaintiffs should properly plead all losses and all other material facts upon which any causes of action are based, with separate counts for each cause of action of each Plaintiff.


BY THE COURT:


                                                        _____
                                                                               J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER J. VITAGLIANO and | : | |
| PETER VITAGLIANO | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM MUTUAL | : | NO.  02-CV-2954 |
| AUTOMOBILE INSURANCE CO. | : | |
| Defendant | : | |
| | : | |

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO F.R. CIV. P. 12(B)(6) AND ALTERNATIVE MOTIONS PURSUANT TO F.R. CIV. P. 12(E) AND 12(F)

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), by and through its counsel, Britt, Hankins, Schaible & Moughan, files this Motion to Dismiss Plaintiffs' Amended Complaint Pursuant to F. R. Civ. P. 12(b)(6) and Alternative Motions Pursuant to F. R. Civ. P. 12(e) and 12(f) and in support thereof avers the following:

1.       On December 17, 2001, Plaintiffs filed the Original Complaint in the above captioned matter in the Philadelphia County Court of Common Pleas.  A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2.       This Complaint, was non-specific, overly confusing, vague and contained scandalous, impertinent and irrelevant statements.  It was impossible to be certain what

1

claims Plaintiffs were asserting against State Farm. From what State Farm could glean, the Complaint purportedly claimed that State Farm acted in bad faith and in breach of contract with respect to various claims arising under one or more automobile insurance policies that allegedly provided coverage for injuries, damages or expenses resulting from a two car accident which had occurred on or about December 26, 1997. See Exhibit "A" at ¶ 9.

3.    Due to the incomprehensible nature of the Complaint, on January 7, 2002, State Farm filed Preliminary Objections to Plaintiffs' Complaint alleging that certain of Plaintiffs' claims (to the extent they could be identified) must be dismissed as a matter of law and, in the alternative, the claims must be dismissed in part and stricken in part, with leave to file an Amended Complaint properly pleading the remaining claims. A true and correct copy of State Farm's Preliminary Objections is attached hereto as Exhibit "B". Plaintiffs' Answer to said Preliminary Objections is attached hereto as Exhibit "C".

4.    On March 28, 2002, the Honorable Esther R. Sylvester of the Court of Common Pleas of Philadelphia County entered an Order sustaining State Farm's Preliminary Objections. A true and correct copy of said Order is attached hereto as Exhibit "D".

5.    Specifically, it was ordered that: a) all claims arising under or related to the policy issued to Lloyd Clark were dismissed; b) all claims under the Unfair Insurance Practices Act ("UIPA") were dismissed; c) Count III was dismissed; d) all averments of

2

claims of persons other than Plaintiffs and all averments of actions taken in this case by Defendant were stricken; and e) Plaintiffs were to file an Amended Complaint within twenty (20) days specifically pleading all averments of time, special damages, the dates and content of each "reasonable proof" [submitted] to Defendant, the dates and content of each misrepresentation, fraud, breach of obligation and of insurance policy provisions, all other material facts on which the causes of action were based, with separate counts for each cause of action of each Plaintiff and specific averments supporting the claim for punitive damages.  See Exhibit "D".

6.      Plaintiffs failed to file their Amended Complaint within twenty (20) days and were, therefore, in violation of the Court's Order.

7.      On April 26, 2002, State Farm filed a Motion for Non Pros due to the violation of Judge Sylvester's Order.  A true and correct copy of said Motion is attached hereto as Exhibit "E."  This Motion was not ruled upon by the Common Pleas Court before the case was removed to this Court.

8.      Plaintiffs have yet to respond to Defendant's Motion for Non Pros.

9.      Despite not responding to Defendant's Motion for Non Pros, on May 7, 2002, Plaintiffs filed their Amended Complaint with the Prothonotary without obtaining Court approval.

A true and correct copy of the Amended Complaint is attached hereto as Exhibit "F."

10.     The Amended Complaint is equally, if not more, unintelligible and overly

3

broad as the Original Complaint.

11.     Plaintiffs did not delete or change a single Paragraph or claim, but rather added thirty-five (35) Paragraphs, which contain mostly irrelevant, scandalous, impertinent and immaterial allegations.  Paragraphs 1 through 64 of the Amended Complaint are identical to the corresponding paragraphs in the Original Complaint. Paragraphs 101 through 125 of the Amended Complaint are identical to Paragraphs 65 through 84 of the Original Complaint.  Only Paragraphs 65 through 100 contain additional allegations, and they do not satisfy the Court's Order requiring more specificity.

12.     As in the original Complaint, the Amended Complaint purports to claim that State Farm acted in "bad faith" and in breach of contract with respect to various claims arising under one or more automobile insurance policies that allegedly provided coverage for injuries, damages or expenses resulting from an accident on or about December 26, 1997.  See Exhibit "F" at ¶ 9.

13.     At the time of the accident, the Amended Complaint alleges that Plaintiff, Peter J. Vitagliano, was driving a car owned by his father, Plaintiff, Peter Vitagliano, which was struck by a vehicle driven by Lloyd Clark.  See Exhibit "F" at ¶ 9.

14.     The Amended Complaint alleges that Peter J. Vitagliano was injured and his father's car was damaged as a result of the negligence of Lloyd Clark.  See Exhibit "F" at ¶¶ 9,10.

4

15.     The Amended Complaint alleges that State Farm had issued policies covering both cars involved in the accident, that is, a policy issued to Peter Vitagliano and providing coverage to his son, Peter J. Vitagliano, and a policy issued to the other driver, Lloyd Clark.  See Exhibit "F" at ¶ 12.

16.     State Farm provided a defense for Peter Vitagliano and Peter J. Vitagliano in the underlying action(s)by the passenger resulting from the accident.  See Exhibit "F" at ¶¶ 17,19.

17.     The Amended Complaint alleges that State Farm has not paid for the property damage to Peter Vitagliano's car, or for the first-party medical expenses and income loss of Peter J. Vitagliano.  See Exhibit "F" at ¶¶ 27,49,62,115.

18.     On May 17, 2002, State Farm filed its Notice of Removal to the Eastern District of Pennsylvania.  A true and correct copy of State Farm's Notice of Removal, without Exhibits, is attached hereto as Exhibit "G".

19.     State Farm now files this Motion to Dismiss for failure to state a claim upon which relief can be granted, due to Plaintiffs' continued violation of the State Court's Order sustaining State Farm's Preliminary Objections.

20.     Further, Plaintiffs' Amended Complaint must be dismissed on its merits because it fails to allege facts sufficient to support any legal claim.

21.     In the alternative, State Farm requests that this Honorable Court strike all scandalous, impertinent, irrelevant and/or immaterial allegations and order Plaintiffs to

5

file a Second Amended Complaint setting forth the legal basis for their claims with more specificity.

## MOTION TO DISMISS PURSUANT TO F. R. CIV. P. 12(B)(6)

22.    State Farm incorporates by reference Paragraphs 1 through 21 as if fully set forth herein.

23.    Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of an action for failure to state a claim upon which relief can be granted.

24.    Further, the Court may consider matters outside the pleadings and treat the motion to dismiss as a motion for summary judgment.  Fed. R. Civ. P. 12(b)(6).

25.    Plaintiffs' Amended Complaint must be dismissed pursuant to 28 U.S.C.A. § 1450, and the law of the case doctrine because it fails to comply with the State Court's Order.

26.    Interlocutory state court orders are kept in force upon removal of a case to federal court by 28 U.S.C. § 1450, which provides:

> Whenever any action is removed from a state court to a district court of the United States...all injunctions, orders, and other proceedings had in such action prior to removal shall remain in full force and effect until dissolved or modified by the district court.

27.    The federal court accepts the case in its current posture as though everything done in state court had in fact been done in the federal court. Granny Goose Foods v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423,

436-437, 94 S.Ct. 1113, 1122-1123, 39 L.Ed.2d 435 (1974); Tehan v. Disability

Management Services, Inc., 111 F. Supp.2d 542, 548 (D. N.J. 2000); Nissho-Iwai

American Corporation v. Kline, 845 F.2d 1300, 1305 (5th Cir. 1988).

28.    28 U.S.C.A. § 1450 is consistent with the equitable law of the case doctrine,

which dictates that "when a court decides upon a rule of law, that rule should continue to

govern the same issues in subsequent stages in the litigation." In re Resyn Corp., 945

F.2d 1279, 1281 (3d Cir. 1991).

29.    In the present matter, this Honorable Court should give effect to Judge

Sylvester's Order of March 28, 2002, pursuant to both 28 U.S.C.A. § 1450 and the law of

the case doctrine.

30.    First, said Order was interlocutory in nature, in that it sustained State

Farm's Preliminary Objections but permitted Plaintiffs to file an Amended Complaint.

An appeal from this Order could have only been taken by permission, which was never

requested. Pa. R.A.P. 311, 312.

31.    Second, the Order is not inconsistent with federal procedural requirements,

in that the same relief could have been awarded in Federal Court if the Preliminary

Objections had been filed as a motion to dismiss. State Farm incorporates by reference

Section III(A)(3) of its Memorandum of Law in Support of its Motion to Dismiss as if

fully set forth herein.

32.    Third, the March 28, 2002 Order constitutes the law of the case and,

therefore, must be enforced.

33.    Fourth, Plaintiffs failed to comply with all of the provisions of said Order because the Amended Complaint was untimely filed, Plaintiffs failed to strike the allegations ordered to be stricken, and Plaintiffs failed to plead their Amended Complaint with more specificity.  Plaintiffs incorporate Section III(A)(2) of their Memorandum in Support of their Motion to Dismiss as if fully set forth herein.

34.    In the unlikely event that this Court decides not to enforce the March 28, 2002 Order pursuant to 28 U.S.C.A. § 1450 and the law of the case doctrine, this Court should grant State Farm's Motion to Dismiss on its merits because Plaintiffs have failed to state a claim upon which relief can be granted.

35.    First, Plaintiffs fail to state a claim under the Clark Policy because Plaintiffs can have no cause of action with respect to the policy issued to the other driver.  State Farm incorporates by reference Exhibit "B" at pp. 3-6 of the Memorandum as if fully set forth herein.

36.    Second, no breach of contract claims can be maintained under the Vitagliano policy because State Farm paid Mr. Vitagliano, Jr.'s MPC claim after resolving a coverage issue.  True and correct copies of documents evidencing the PIP payments are attached hereto as Exhibit "I".

37.    Additionally, the only bodily injury claim made against the Vitaglianos for this accident was that of the passenger, Mr. Castelli.  That claim was settled by State

8

Farm on the Vitaglianos' behalf.  A true and correct copy of the Release is attached hereto as Exhibit "J".

38.    Mr. Vitagliano's policy did not provide for work loss, collision or comprehensive coverage and, therefore, Mr. Vitagliano (the son) can not recover for wage loss and Mr. Vitagliano (the father and owner of the car) cannot recover for property damage.   True and correct copies of a Certificate of Coverage and computer printout evidencing Mr. Vitagliano's policy information and the page of the policy explaining the coverage designations are attached hereto as Exhibit "K".  Note the absence of coverages G (collision), D (comprehensive) and Z (work loss).  See Exhibit "K".  Coverage A is liability coverage in the amount of 15/30; Coverage C2 is medical payment coverage in the amount of $5,000.00; coverage F is funeral coverage in the amount of $1,500.00; and coverage Y is for accidental death in the amount of $5,000.00. See Exhibit "K."

39.    Thus, no claim for breach of contract pursuant to Mr. Vitagliano's insurance policy exists.

40.    Third, Plaintiffs fail to state a claim under the UIPA because the UIPA cannot be enforced by a private action, only by the insurance commissioner.  State Farm incorporates by reference Exhibit "B" at p. 6 of the Memorandum as if fully set forth herein.

41.    Fourth, Plaintiffs fail to state a claim for "Wanton Conduct" (Count III)

9

because there is no independent cause of action for punitive damages.   State Farm

incorporates by reference Exhibit "B" at pp. 6-7 of the Memorandum as if fully set forth

herein.

42.    Fifth, Plaintiffs' claims of fraud under the Unfair Trade Practices Act and

Consumer Protection Law ("UTPCPL") fail for lack of specificity because such

allegations must be pled with specificity.  F. R. Civ. P. 9(b).

43.    Failure of a plaintiff to plead fraud "with particularity" can result in a

dismissal of the cause of action.  <u>Macario v. Pratt & Whitney Canada, Inc.</u>, 1990 WL

199888, *2 (E.D. Pa. 1990).

44.    In the present matter, the Amended Complaint contains only general

averments of fraud or misrepresentation, with no particularity, and does not allege the

resulting harm.   <u>See</u> Exhibit "F" at, <u>e. g.</u>, ¶¶ 45,46,47,122,123, 124,129.

45.    The averments of fraud and claims under the UTPCPL are insufficient as a

matter of law because the Amended Complaint does not contain any specific facts upon

which the alleged fraud is based.

WHEREFORE, State Farm respectfully requests that this Honorable Court grant

its Motion to Dismiss Plaintiffs' Amended Complaint because Plaintiffs have failed to set

forth a claim upon which relief can be granted.

## **ALTERNATIVE MOTION PURSUANT TO F. R. CIV. P. 12(F)**

46.    State Farm incorporates by reference Paragraphs 1 through 45 as if fully set

forth herein.

47.    Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

48.    In the present matter, the Amended Complaint contains many references to apparent claims that are not at issue in this case, and which must be stricken.

49.    The Amended Complaint alleges that a passenger or passengers in the Vitagliano car was injured, and that State Farm paid an unspecified passenger the full policy limit under an unspecified policy or policies, and alleges other claims of other unspecified claimants.  See Exhibit "F" at ¶¶ 16,21,25,64.

50.    No passenger or other unspecified claimant is a party in this action.

51.    The Amended Complaint alleges generally that State Farm sought to "dismiss this case" and "delay the resolution of this case."  See Exhibit "F" at ¶ 31.

52.    The Amended Complaint alleges generally that State Farm filed motions, withheld documents and acted to "delay the resolution of this matter."  See Exhibit "F" at ¶ 29, 95, 97, 98, 100.

53.    These averments concerning actions that allegedly have been taken during the litigation of this case after the filing of the Complaint in December 17, 2001 must be stricken as impertinent and irrelevant.

54.    The Amended Complaint alleges that defendant has a "usual operation" in

11

handling claims, including uninsured or underinsured motorist claims. See Exhibit "F" at ¶ 43.

55.    This case involves the claims of Peter Vitagliano and Peter J. Vitagliano, which are not uninsured or underinsured motorist claims, and does not involve claims of other persons.

56.    Plaintiffs' Amended Complaint contains numerous Paragraphs, in which Plaintiffs seek to unreasonably and unfoundingly disparage the reputation of State Farm. See Exhibit "F" at ¶¶ 81, 90, 95. No factual basis for these Paragraphs is alleged and, therefore, they must be stricken.

57.    Plaintiffs' Amended Complaint contains numerous Paragraphs that do not aver anything, but rather pose a question. See Exhibit "F" at ¶ 88, 89, 92, 93. This form of pleading is completely improper because Plaintiffs have failed to plead any facts in these Paragraphs and therefore, said Paragraphs must be stricken.

58.    Finally, Paragraph 99 of Plaintiffs' Amended Complaint must be dismissed as it contains irrelevant and immaterial information regarding Plaintiffs' counsel's trial schedule, which has absolutely nothing to do with the allegations contained in the Amended Complaint.

WHEREFORE, State Farm requests that its Motion to Strike Pursuant to F. R. Civ. P. 12(f) be granted and that Paragraphs 29, 31, 81, 88, 89, 90, 92, 93, 95, 97, 98, 99 and 100 are stricken for containing scandalous, impertinent, irrelevant and/or immaterial

12

information and that all averments of claims of persons other than Plaintiffs and all averments of actions taken in this case are stricken

## ALTERNATIVE MOTION PURSUANT TO 12(E)

59.     State Farm incorporates by reference Paragraphs 1 through 58 as if fully set forth herein.

60.     In the alternative, if the Amended Complaint is not dismissed or stricken for the reasons stated above, Plaintiffs must be required to file a more specific complaint, stating each cause of action of each Plaintiff in separate counts, and stating the specific dates, representations, acts, damages and other facts material to each cause of action.

61.     Pursuant to Federal Rule of Civil Procedure 12(e),

> if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.

62.     The Amended Complaint does not specify the alleged acts that are the basis for the UTPCPL claim, making it impossible to determine whether this particular basis for a motion to dismiss is applicable.

63.     In addition, as averred above, Plaintiffs fail to allege their claims of fraud under the UTPCPL with the requisite specificity. See supra ¶¶ 47-50.

64.     The Amended Complaint also fails to state the causes of action and any special damages of each Plaintiff in separate counts and, therefore, State Farm cannot

determine which causes of action Plaintiffs are proceeding under.

WHEREFORE, State Farm requests that its Motion for a More Definite Statement Pursuant to F. R. Civ. P. 12(e) be granted and Plaintiffs be ordered to file a Second Amended Complaint within ten (10) days.

BRITT, HANKINS, SCHAIBLE & MOUGHAN

By: _____

Joseph M. Hankins, Esquire
Attorney I.D. No.: 20052
Elizabeth Luening Long, Esquire
Attorney. I.D. No.: 84845
Two Penn Center Plaza, Suite 515
Philadelphia, PA 19102
(215) 569-6900
Attorneys for Defendant

Dated: 5/02/02

14

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PETER J. VITAGLIANO and | : | |
| PETER VITAGLIANO | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STATE FARM MUTUAL | : | NO.  02-CV-2954 |
| AUTOMOBILE INSURANCE CO. | : | |
| Defendant | : | |
| | : | |

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT PURSUANT TO F. R. CIV. P. 12(B)(6) AND ALTERNATIVE MOTIONS PURSUANT TO F. R. CIV. P. 12(E) AND 12(F)

## I.    INTRODUCTION

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"),

files this Motion to Dismiss Plaintiffs' Amended Complaint pursuant to F. R. Civ. P.

12(b)(6) because Plaintiffs have: (1) violated a Court Order by not filing the Amended

Complaint timely; (2) have violated a Court Order by not conforming the Amended

Complaint to the instructions contained in the Court Order; and (3) failed to state a cause

of action upon which relief can be granted.

Plaintiffs' Amended Complaint is as unintelligible, if not more so, than Plaintiffs'

Original Complaint.  Prior to removal, State Farm filed Preliminary Objections to

1

Plaintiffs' Original Complaint, which were sustained by the Honorable Esther J. Sylvester of the Philadelphia County Court of Common Pleas. Plaintiffs were given leave to file an Amended Complaint pleading various allegations with more specificity and striking others within twenty (20) days. State Farm's Motion to Dismiss must be granted because Plaintiffs failed to comply with Judge Sylvester's Order in that a timely Amended Complaint was not filed. Further, Plaintiffs' untimely filed an Amended Complaint with the Prothonotary without answering State Farm's Motion for Non Pros. Said Amended Complaint does not comply with any provisions of Judge Sylvester's Order.

In the unlikely event that Judge Sylvester's Order is not enforced by this Court, State Farm's Motion to Dismiss must be granted on its merits because Plaintiffs have failed to allege facts sufficient to support any legal claim. In the alternative, State Farm requests that this Honorable Court strike all scandalous, impertinent, irrelevant and/or immaterial allegations contained in Plaintiffs' Amended Complaint and order Plaintiffs to file a Second Amended Complaint setting forth the legal basis for their claims with more specificity.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On December 17, 2001, Plaintiffs filed the Original Complaint in the above captioned matter. A true and correct copy of the Complaint is attached hereto as Exhibit "A". This Complaint, was a pleading travesty, and it was impossible for State Farm to be certain what Plaintiffs' claims were being asserted against it. From what State Farm

2

could glean, the Complaint purported to allege that State Farm acted in "bad faith" and in breach of contract with respect to various claims arising under one or more automobile insurance policies that allegedly provided coverage for injuries, damages or expenses resulting from an accident on or about December 26, 1997. See Exhibit "A" at ¶ 9. Due to the incomprehensible Complaint, on January 7, 2002, State Farm filed Preliminary Objections to Plaintiffs' Complaint alleging that Plaintiffs' claims must be dismissed as a matter of law and, in the alternative, the claims must be dismissed in part and stricken in part, with leave to file an Amended Complaint properly pleading the remaining claims. A true and correct copy of State Farm's Preliminary Objections is attached hereto as Exhibit "B". Plaintiffs' Answer to said Preliminary Objections is attached hereto as Exhibit "C".

On March 28, 2002, the Honorable Esther R. Sylvester of the Court of Common Pleas of Philadelphia County entered an Order sustaining State Farm's Preliminary Objections. A true and correct copy of said Order is attached hereto as Exhibit "D". Specifically, it was ordered that: a) all claims arising under or related to the policy issued to Lloyd Clark were dismissed; b) all claims under the Unfair Insurance Practices Act ("UIPA") were dismissed; c) Count III was dismissed; d) all averments of claims of persons other than Plaintiffs and all averments of actions taken in this case were stricken; and e) Plaintiffs were to file and Amended Complaint within twenty (20) days specifically pleading all averments of time, special damages, the dates and content of each "reasonable proof" [submitted] to Defendant, the dates and content of each

3

misrepresentation, fraud, breach of obligation and of insurance policy provisions, all other material facts on which the causes of action were based, with separate counts for each cause of action of each Plaintiff and specific averments supporting the claim for punitive damages. See Exhibit "D".

Plaintiffs failed to file their Amended Complaint within twenty (20) days and were, therefore, in violation of the Court's Order. On April 26, 2002, State Farm was forced to file a Motion for Non Pros due to this violation. A true and correct copy of said Motion is attached hereto as Exhibit "E." This Motion was not ruled upon before the case was removed on May 7, 2002. Without answering the Motion for Non Pros, Plaintiffs filed their Amended Complaint with the Prothonotary. A true and correct copy of the Amended Complaint is attached hereto as Exhibit "F."

The Amended Complaint is equally, if not more, unintelligible and overly broad as the Original Complaint. It is replete with scandalous and impertinent comments. Plaintiffs did not delete or change a single Paragraph or claim, but rather added thirty-five (35) Paragraphs, which contain mostly irrelevant, scandalous, impertinent and immaterial allegations. Paragraphs 1 through 64 of the Amended Complaint are identical to those corresponding Paragraphs in the Original Complaint. Further, Paragraphs 101 through 125 of the Amended Complaint are identical to Paragraphs 65 through 84 in the Original Complaint. Only Paragraphs 65 through 100 contain additional matter, and this matter does not satisfy the Court's Order requiring more specificity. In fact, the new Paragraphs

4

have no place in a pleading as they are scandalous, impertinent, immaterial and irrelevant.

The Amended Complaint purportedly alleges that State Farm acted in bad faith and in breach of contract with respect to various claims arising under one or more automobile insurance policies that allegedly provided coverage for injuries, damages or expenses resulting from an accident on or about December 26, 1997. See Exhibit "F" at ¶ 9. At the time of the accident, the Amended Complaint alleges that Plaintiff, Peter J. Vitagliano (the son), was driving a car owned by his father, Plaintiff, Peter Vitagliano, which was struck by a vehicle driven by Lloyd Clark. See Exhibit "F" at ¶ 9. The Amended Complaint alleges that Peter Vitagliano was injured and his father's car was damaged as a result of the negligence of Lloyd Clark. See Exhibit "F" at ¶¶ 9,10.

The Amended Complaint alleges that State Farm had issued policies covering both cars involved in the accident, that is, a policy issued to Peter Vitagliano and providing coverage to his son, Peter J. Vitagliano, and a policy issued to the other driver, Lloyd Clark. See Exhibit "F" at ¶ 12. State Farm provided the defense for Peter Vitagliano and Peter J. Vitagliano in the underlying action(s) resulting from the accident. See Exhibit "F" at ¶¶ 17,19.

The Amended Complaint apparently alleges that State Farm has not paid for the property damage done to Peter Vitagliano's car, or for the first-party medical expenses and income loss of Peter J. Vitagliano. See Exhibit "F" at ¶¶ 27,49,62,115. The Amended Complaint alludes generally to other claims or losses, without stating what they

are. See Exhibit "F."

On May 17, 2002, State Farm filed its Notice of Removal to the Eastern District of

Pennsylvania. A true and correct copy of State Farm's Notice of Removal, without

Exhibits, is attached hereto as Exhibit "G". State Farm now files this Motion to Dismiss

for failure to state a claim upon which relief can be granted, due to Plaintiffs' continued

violation of the State Court's Order sustaining State Farm's Preliminary Objections.

Further, Plaintiffs' Amended Complaint, if accepted, must be dismissed on its merits

because it fails to allege facts sufficient to support any legal claim. In the alternative,

State Farm requests that this Honorable Court strike all scandalous, impertinent,

irrelevant and/or immaterial allegations and order Plaintiffs to file a Second Amended

Complaint setting forth the legal basis for their claims with more specificity.

## III.  LEGAL ARGUMENT

### A.  Plaintiffs' Amended Complaint Must be Dismissed Pursuant to 28 U.S.C.A. §1450, the Law of the Case Doctrine and Because the Amended Complaint Fails to State a Claim Upon Which Relief can be Granted

#### 1.  Standard for a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of

an action for failure to state a claim upon which relief can be granted. In ruling on a

12(b)(6) Motion, the Court must accept as true all well pleaded allegations of fact, and

any reasonable inferences that may be drawn therefrom, in the complaint and must

determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3rd Cir. 1996). "The complaint will be deemed to have alleged sufficient facts if it adequately puts the defense on notice of the essential elements of the plaintiff's cause of action." Id.

Although the Court must construe the Amended Complaint in the light most favorable to the Plaintiffs, it need not accept as true legal conclusions or unwarranted factual inferences. Claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Id. Further, the Court may consider matters outside the pleadings and treat the motion to dismiss as a motion for summary judgment. Fed. R. Civ. P. 12(b)(6).

> ### 2. Plaintiffs' Amended Complaint must be dismissed pursuant to 28 U.S.C.A. § 1450 and the law of the case doctrine because it fails to comply with the State Court's Order

Interlocutory state court orders are kept in force upon removal of a case to federal court by 28 U.S.C. § 1450, which provides:

> Whenever any action is removed from a state court to a district court of the United States...all injunctions, orders, and other proceedings had in such action prior to removal shall remain in full force and effect until dissolved or modified by the district court.

In Granny Goose Foods v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70, 415 U.S. 423, 436-437, 94 S.Ct. 1113, 1122-1123, 39 L.Ed.2d 435 (1974), the United

States Supreme Court interpreted section 1450 to give interlocutory state court orders no greater "force and effect" than they would have obtained had the case remained in state court. Rather, by ensuring these orders do not lapse upon removal, the statute facilitates the federal court's taking the case up "where the state court left it off." Id. at 437, 1123. The federal court accepts the case in its current posture as though everything done in state court had in fact been done in the federal court. Id. ; see also Tehan v. Disability Management Services, Inc., 111 F. Supp.2d 542, 548 (D. N.J. 2000). In the end, judicial economy is served by eliminating the need for duplicative proceedings in federal court. Granny Goose, 415 U.S. at 436-437, 94 S.Ct. at 1122-1123. To the extent the state court order requires the parties to act or refrain from acting in a manner inconsistent with federal procedural requirements, the district court must accommodate the order to federal law. Id. at 439-441, 1124-1125; Tehan, 111 F. Supp. at 548.

Numerous Federal Courts have upheld state court orders entered in cases that have been subsequently removed. In Tehan, the District Court upheld the state court's order imposing temporary restraints to require retroactive and continuing payment by a defendant to the plaintiff of disability benefits. Tehan, 111 F. Supp. 2d at 546-551. In Granny Goose, the United States Supreme Court upheld a temporary restraining order entered by the state court. Granny Goose, 415 U.S. at 433-436, 94 S.Ct. at 1121-1123. Finally, in Nissho-Iwai American Corporation v. Kline, 845 F.2d 1300, 1305 (5th Cir. 1988), the Circuit Court sustained the state court's order striking the pleadings of the

8

parties as a sanction for discovery violations.

28 U.S.C.A. § 1450 is consistent with the equitable law of the case doctrine. This doctrine dictates that "when a court decides upon a rule of law, that rule should continue to govern the same issues in subsequent stages in the litigation." In re Resyn Corp., 945 F.2d 1279, 1281 (3d Cir. 1991). The law of the case doctrine applies to issues that were actually discussed by the court at an earlier point in time and those issues decided by necessary implication. Schultz v. Onan Corp., 737 F.2d 339, 345 (3d Cir. 1991). For example, a Court is bound by the prior decision in the same case on the issue of subject matter jurisdiction. United States v. Local 560 (I.B.T.), 974 F.2d 315, 330 at n.8 (3d Cir. 1992).

In the present matter, this Honorable Court should give effect to Judge Sylvester's Order of March 28, 2002, pursuant to both 28 U.S.C.A. § 1450 and the law of the case doctrine. First, said Order was interlocutory in nature, in that it sustained State Farm's Preliminary Objections but permitted Plaintiffs to file an Amended Complaint. An appeal from this Order could have only been taken by permission, which was never requested. Pa. R.A.P. 311, 312.

Second, the Order is not inconsistent with federal procedural requirements, in that the same relief could have been awarded in Federal Court if the Preliminary Objections had been filed as a motion to dismiss. See discussion infra Section III(A)(3).

Third, the March 28, 2002 Order constitutes the law of the case and, therefore,

9

must be enforced.

Fourth, Plaintiffs failed to comply with all of the provisions of said Order.

The March 28, 2002 Order sustained State Farm's Preliminary Objections and ordered Plaintiffs to file an Amended Complaint within twenty (20) days. See Exhibit "D." Plaintiffs failed to comply with this portion of the Order, as they did not file an Amended Complaint within the specified time frame. As State Farm argues in its Motion for Non Pros, Plaintiffs' cause of action must be dismissed because a court may dismiss a cause of action on the grounds that the plaintiff failed to comply with a court order ordering the plaintiff to file an amended complaint within a specified time period. Broglie v. Union Township, 319 Pa. Super. 141, 146, 465 A.2d 1269, 1271-1272 (1983). State Farm incorporates by reference the arguments set forth in its Motion for Non Pros as if fully set forth herein. See Exhibit "E." When a plaintiff fails to comply with a court order, the court need not consider whether due diligence or prejudice was involved. Id. Further, even if the Court considered other factors, in the present matter, Plaintiffs demonstrated a lack of due diligence in proceeding with this matter, there was no compelling reason for Plaintiffs' delay and State Farm has been prejudiced because its ability to prepare and present this case for trial has been substantially diminished. See Exhibit "E". Plaintiffs' counsel was provided with the discoverable portions of State Farm's files on or about January 30, 2002. Therefore, Plaintiffs failed to comply with the Court's March 28, 2002 Order regarding the filing of an Amended Complaint and the

10

untimely filed Amended Complaint must be dismissed.

The March 28, 2002 Order also dismissed "all claims arising under or related to the policy issued to Lloyd Clark,...all claims under the Unfair Insurance Practices Act,...Count III... and all averments of claims of persons other than plaintiffs and all averments of actions taken in this case." See Exhibit "D". Plaintiffs' Amended Complaint is clearly in violation of this portion of the Order as it contains the same allegations regarding the Clark policy as the Original Complaint. Compare Exhibit "A" at ¶¶ 12, 13, 14, 21, 64 and Exhibit "F" at ¶¶ 12, 13, 14, 21, 64. Further, it contains the same allegations pursuant to the UIPA. Compare Exhibit "A" at ¶¶ 73 and 82 and Exhibit "F" at ¶¶ 109 and 118. Plaintiffs' Amended Complaint also includes the same allegations under Count III as the Original Complaint. Compare Exhibit "A" at ¶¶ 75-84 and Exhibit "F" at ¶¶ 111-120. Finally, Plaintiffs did not strike any of their averments of claims of other persons or actions taken in this case, as all of the allegations contained in the Original Complaint were realleged in the Amended Complaint. Compare Exhibit "A" at ¶¶ 1-89 and Exhibit "F" at ¶¶ 1-64 and 101-125. Therefore, Plaintiffs' Amended Complaint must be dismissed for failure to comply with these provisions of the Court's March 28, 2002 Order.

Lastly, the March 28, 2002 Order ordered Plaintiffs to file an Amended Complaint

> specifically pleading all averments of time and special damages, the dates and content of each 'reasonable proof' to defendant, the dates and content of each misrepresentation, fraud, breach of

11

> obligation and of insurance policy provisions, with the content or
> a copy of each such insurance policy provision, plaintiffs' losses
> and all other material facts on which the causes of action are based,
> with separate counts for each cause of action of each plaintiff and
> specific averments supporting the claim for punitive damages
> where appropriate.

See Exhibit "D". Plaintiffs' Amended Complaint clearly fails to comply with this

provision. Plaintiffs do not set forth any specific averments of time, special damages or

dates of the alleged misrepresentations or fraud. See Exhibit "F." Rather, Plaintiffs

allege that they are not in possession of this information and that somehow State Farm is

expected to know the dates of these alleged events. See Exhibit "F" at ¶¶ 78-79, 87, 91-

94. These allegations are not sufficient to satisfy the Court's Order. Further, Plaintiffs

have been in possession of all non-privileged documents that State Farm has in its

possession since January 30, 2002. Therefore, Plaintiffs have no excuse for failing to

comply with the Court's Order. True and correct copies of Plaintiffs' Request for

Production of Documents, State Farm's Responses and Objections to Plaintiffs' Request

for Production of Documents and Privilege Log are attached hereto as Exhibit "H". In

further violation of the Court's Order, Plaintiffs do not attach a copy of the insurance

policy or its relevant provisions. See Exhibit "F." Finally, Plaintiffs fail to set forth

separate counts for the causes of action against each of the Plaintiffs. Thus, this Court

should dismiss Plaintiffs' Amended Complaint for failing to comply with each and every

provision of the March 28, 2002 Order.

It should be noted that Plaintiffs can not now argue that their Amended Complaint is sufficient because the case has been removed to Federal Court and, therefore, the more liberal Federal pleading standards apply.  First, Federal Rule of Civil Procedure 9 does not apply to pleadings filed in state court in a case later removed to federal court.  F. R. Civ. P. 81(c); Geist v. Prudential Ins. Co. of America, 35 F. Supp. 790 (E.D. Pa. 1940); Peffley v. Durakool, Inc., 669 F. Supp. 1453 (N.D. Ind. 1987); and Istituto Per Lo Sviluppo Economico Dell' Italia Meridionale v. Sperti Products, 47 F.R.D. 310 (S.D.N.Y. 1969).  Rule 9 only applies to papers filed in federal court after the case is removed.  Id. Second, as will be discussed in detail below, Plaintiffs' Amended Complaint is not sufficient even in light of the liberal Federal pleading standards set forth in Federal Rule of Civil Procedure 9.   See infra Section III (A) (3).  Therefore, Plaintiffs' Amended Complaint must be dismissed.

### 3.    Plaintiffs' Amended Complaint must be dismissed because it fails to state a claim upon which relief can be granted

In the event that this Court decides not to enforce Judge Sylvester's March 28, 2002 Order pursuant to 28 U.S.C.A. § 1450 and the law of the case doctrine, this Court should grant State Farm's Motion to Dismiss on its merits because Plaintiffs have failed to state a claim upon which relief can be granted.  Initially, it should be noted that, when exercising diversity jurisdiction, the Federal Court must apply state law on the substantive issues.  Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1373, n. 15 (3d. Cir. 1996),

13

<u>citing</u> <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed 1188 (1938).

### a.    Plaintiffs fail to state a claim under the Clark Policy

All claims arising under or related to the policy issued to Lloyd Clark must be dismissed with prejudice.  Plaintiffs can have no cause of action with respect to the policy issued to the other driver.  State Farm incorporates by reference Exhibit "B" at pp. 3-6 of the Memorandum as if fully set forth herein.

### b.    Plaintiffs have no claim for breach of the Vitagliano Insurance Contract

Further, no breach of contract claims can be maintained under the Vitagliano policy because State Farm paid Mr. Vitagliano, Jr.'s MPC claim after resolving a coverage issue.  Thus, no unpaid medical bills remain.  True and correct copies of the documents evidencing the PIP payments are attached hereto as Exhibit "I".

Additionally, the only bodily injury claim made against the Vitaglianos for this accident was that of the passenger, Mr. Castelli.  That claim was settled by State Farm on the Vitaglianos' behalf.  A true and correct copy of the Release is attached hereto as Exhibit "J".  State Farm defended the Vitaglianos under a reservation of rights.

Mr. Vitagliano's policy did not provide for work loss, collision or comprehensive coverage.  True and correct copies of a Certificate of Coverage and computer printout evidencing Mr. Vitagliano's coverage selections and the page of the policy explaining the

coverage designations are attached hereto as Exhibit "K".   Mr. Vitagliano's policy provided coverage A (liability) in the amount of 15/30, coverage C2 (first party medical benefits) in the amount of $5,000, coverage F (funeral) in the amount of $1,500 and coverage Y (accidental death) in the amount of $5,000. See Exhibit "K". The policy did not provide for collision coverage (G),  comprehensive coverage (D) and/or work loss coverage (Z), as none of these letters designating said coverages appear on the Certificate of Coverage. See Exhibit "K".   Thus, Plaintiffs cannot allege that Mr. Vitagliano's insurance contract was breached because all MPC payments were made, and State Farm was not obligated to make payments for wage loss or property damage because Mr. Vitagliano's policy did not cover these types of losses.

### c.      Plaintiffs fail to state a claim under the UIPA

The averments of claims under the UIPA are insufficient as a matter of law because the UIPA cannot be enforced by a private action, only by the insurance commissioner.   State Farm incorporates by reference Exhibit "B" at p. 6 of the Memorandum as if fully set forth herein.

### d.      No claim for "Wanton Conduct" (Count III) exists.

There is no independent cause of action for punitive damages.  State Farm incorporates by reference Exhibit "B" at pp. 6-7 of the Memorandum as if fully set forth herein.

### e.      Plaintiffs' claims of fraud under the Unfair Trade

15

**Practices Act and Consumer Protection Law ("UTPCPL")
fail for lack of specificity**

Federal Rule of Civil Procedure 9(b) alters the liberal federal pleading standards

and provides:

> Fraud, Mistake, Condition of the Mind.
> In all averments of fraud or mistake, the circumstances
> constituting fraud or mistake shall be stated with
> particularity.  malice, intent, knowledge, and other
> condition of mind of a person may be averred generally.

Failure of a plaintiff to plead fraud "with particularity" can result in a dismissal of the

cause of action.  Macario v. Pratt & Whitney Canada, Inc., 1990 WL 199888, *2 (E.D.

Pa. 1990).  In Macario, the Court dismissed the plaintiff's cause of action pursuant to

RICO, because he had not "given one piece of specific factual information regarding the

alleged conspiracy..." Id.

In the present matter, Plaintiffs make averments of fraud and claims under the

UTPCPL, 73 P.S. §§ 201-1 et seq., which are not pled with the requisite particularity.

The same arguments made by State Farm in its Memorandum of Law in Support of its

Preliminary Objections apply to this Motion to Dismiss, since the pleading requirements

regarding fraud are identical in both state and federal court.  Therefore, Exhibit "B" at pp.

7-8 of the Memorandum is incorporated by reference as if fully set forth herein.

The Amended Complaint contains only general averments of fraud or

misrepresentation, with no particularity.  See Exhibit "F" at, e. g., ¶¶ 45,46,47,122,123,

16

124,129. It also does not allege the resulting harm. <u>See</u> Exhibit "F". The averments of fraud and claims under the UTPCPL are insufficient as the Amended Complaint does not contain any specific facts upon which the alleged fraud is based. Therefore, Plaintiffs' Amended Complaint must be dismissed.

**B.**    **<u>Alternatively, Defendants' Motion to Strike Paragraphs 29, 31, 81, 88, 89, 90, 92, 93, 95, 97, 98, 99 and 100 and all Averments of Claims of Other Persons Must be Stricken Because They Contain Scandalous, Impertinent and Immaterial Allegations</u>**

Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." These allegations may be stricken if they have no relation to the controversy and/or prejudice the other party. <u>Wright v. Philadelphia Gas Works</u>, 2001 WL 1169108, *2 (E.D. Pa. 2001).

In the present matter, Plaintiffs may not assert others' claims. The Amended Complaint contains many references to apparent claims that are not at issue in this case, and which must be stricken. The Amended Complaint alleges that a passenger or passengers in the Vitagliano car was/were injured, and that State Farm paid an unspecified passenger the full policy limit under an unspecified policy or policies, and alleges other claims of other unspecified claimants. <u>See</u> Exhibit "F" at ¶¶ 16,21,25,64. No passenger or other unspecified claimant is a party in this action.

The Amended Complaint alleges that Defendant has a "usual operation" in

17

handling claims, including uninsured or underinsured motorist claims.  See Exhibit "F" at ¶ 43.  This case involves the claims of Peter Vitagliano and Peter J. Vitagliano, which are not uninsured or underinsured motorist claims, and does not involve claims of other persons.  The averments of claims of other persons must be stricken.

Further, Plaintiffs may not assert unspecified actions "in this case".  The Amended Complaint alleges generally that State Farm sought to "dismiss this case" and "delay the resolution of this case."  See Exhibit "F" at ¶ 31.   The Amended Complaint alleges generally that State Farm filed motions, withheld documents and acted to "delay the resolution of this matter."  See Exhibit "F" at ¶ 29. The Amended Complaint further alleges actions that have been taken and motions that have been filed since the filing of the Complaint and alleges that any further Preliminary Objections or Motions to Dismiss should be denied.  See Exhibit "F" at ¶¶ 95, 97, 98, 100.  All averments concerning actions that allegedly have been taken during the litigation of this case after the filing of the Complaint in December 17, 2001 must be stricken as impertinent and irrelevant.

Plaintiffs' Amended Complaint contains numerous Paragraphs, in which Plaintiffs seek to unreasonably and unfoundingly disparage the reputation of State Farm.  See Exhibit "F" at ¶¶ 81, 90, 95.  No factual basis for these Paragraphs is alleged and, therefore, they must be stricken.

Plaintiffs' Amended Complaint contains numerous Paragraphs that do not aver anything, but rather pose a question.  See Exhibit "F" at ¶ 88, 89, 92, 93.  This form of

18

pleading is completely improper because Plaintiffs have failed to plead any facts in these Paragraphs and therefore, said Paragraphs must be stricken.

Finally, Paragraph 99 of Plaintiffs' Amended Complaint must be dismissed as it contains irrelevant and immaterial information regarding Plaintiffs' counsel's trial schedule, which has absolutely nothing to do with the allegations contained in the Amended Complaint. Therefore, these Paragraphs must be stricken.

**C.   Alternatively, Defendant's Motion for a More Definite Statement Must be Granted Because Plaintiffs Have Failed to Set Forth the Legal Basis Upon Which they Seek Relief with the Requisite Specificity**

In the alternative, if the Amended Complaint is not dismissed or stricken for the reasons stated above, Plaintiffs must be required to file a more specific complaint, stating each cause of action of each Plaintiff in separate counts, and stating the specific dates, representations, acts, damages and other facts material to each cause of action.

Pursuant to Federal Rule of Civil Procedure 12(e),

> if a pleading to which a responsive pleading is permitted
> is so vague or ambiguous that a party cannot reasonably be
> required to frame a responsive pleading, the party may move
> for a more definite statement before interposing a responsive
> pleading.

A pleading must be sufficient enough to enable the court and opposing counsel to make out the potential viable legal theories upon which a complaint is based. Hicks v. Arthur, 843 F. Supp. 949, 959 (E.D. Pa. 1994). More specific pleading is required in part to avoid unnecessary trial of claims that cannot be supported. More specific pleading is also required

19

in part because some objections and defenses cannot be stated unless the complaint states the facts as to what plaintiffs' claims are. For example, only malfeasance, the improper performance of a contractual obligation, raises a cause of action under the UTPCPL, and nonfeasance, the failure to perform a contractual duty, is not actionable. Gordon v. Pennsylvania Blue Shield, 548 A.2d 600, 604 (Pa. Super. 1988). The Amended Complaint does not specify the alleged acts that are the basis for the UTPCPL claim, making it impossible to determine whether this particular basis for a motion to dismiss is applicable.

Further, as to any claims under insurance policies, proper pleading of the insurance coverage on which the claims are based would enable Defendant and the court to determine, for example, whether Plaintiff, Peter Vitagliano's, (the father's) claim for property damage to his car is intended to be a third-party claim under the liability coverage of his own policy. There is no coverage for his son under said policy. He is also not an "insured" in that claim for purposes of 42 Pa.C.S. § 8371, and such a claim should be dismissed. Gramberg v. Nationwide Mutual Insurance Co., supra. Further, as discussed above, his policy does not provide coverage for property damage. See Exhibit "K." The insufficient Amended Complaint, however, prevents an appropriate responsive pleading to resolve this issue.

In addition, as discussed above, Plaintiffs fail to allege their claims of fraud under the UTPCPL with the requisite specificity. See supra Section III (A) (3) (e). Therefore, if these claims are not dismissed for this failure, Plaintiffs should still be required to allege these claims with more specificity.

The Amended Complaint also fails to state the causes of action and any special

damages of each Plaintiff in separate counts. State Farm cannot determine which causes of action each of the Plaintiffs are proceeding under. The Amended Complaint contains four counts, all of which are on behalf of both Plaintiffs, and which do not separate the alleged causes of action. Separate counts will assist the Court and Defendant in distinguishing what claims are actually at issue. State Farm would be extremely prejudiced if it were forced to respond to Plaintiffs' Amended Complaint when it cannot determine what legal claims are being made by which individual. Therefore, State Farm requests, in the alternative, that this Honorable Court order Plaintiffs to file a Second Amended Complaint setting forth their causes of action with more specificity and identifying the legal theories under which each Plaintiff is proceeding.

## IV.    CONCLUSION

For all the above reasons, Defendant, State Farm, respectfully requests that this Honorable Court grant its Motion to Dismiss and dismiss Plaintiffs' Amended Complaint with prejudice. In the alternative, State Farm requests that this Honorable Court grant its Motions Pursuant to F. R. Civ. P. 12(e) and (f) and order Plaintiffs to file a Second Amended Complaint within ten (10) days.

BRITT, HANKINS, SCHAIBLE & MOUGHAN

By: _____

Joseph M. Hankins, Esquire
Attorney I.D. No.: 20052
Elizabeth Luening Long, Esquire
Attorney. I.D. No.: 84845
Two Penn Center Plaza, Suite 515
Philadelphia, PA 19102
Attorneys for Defendant

DATED: 5/22/02

21

**EXHIBITS NOT SCANNED**

## CERTIFICATE OF SERVICE

I certify that a copy of Defendant, State Farm Mutual Automobile Insurance Company's, Motion to Dismiss was mailed this day by regular U.S. mail to the below-listed counsel:

Allen L. Feingold, Esquire
A.L. Feingold Associates
The Windsor, Penthouse
1700 Benjamin Franklin Parkway
Philadelphia, PA 19103
(215) 564-3500
Attorney for Plaintiffs


_____
Joseph M. Hankins, Esquire


Dated: _____5/07/02_____